SCOTT N. SCHOOLS
United States Attorney
CHARLES O'CONNOR
Assistant United States Attorney
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7180
Facsimile: (415) 436-6748
Email: charles.o'connor@usdoj.gov

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney (Oregon Bar No. 05557)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

CALIFORNIA TROUT, INC., CALIFORNIA-NEVADA CHAPTER OF THE AMERICAN FISHERIES SOCIETY, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE RIVER,

Plaintiffs,

v.

DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, and H. DALE HALL, Director of the United States Fish and Wildlife Service,

Defendants.

No. C 07-5798 SI

**ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Federal Defendants in this action, Dirk Kempthorne, Secretary of the United States

Department of the Interior, and H. Dale Hall, Director of the United States Fish and Wildlife Service (collectively "Service"), enter their Answer to the above-captioned Complaint as follows:

**I. INTRODUCTION**

1. The allegations in the first sentence of paragraph 1 are characterizations of Plaintiffs' action which require no response. The allegations in the second sentence of paragraph 1 are conclusions of law which require no response. In response to the allegations in the third sentence of paragraph 1, Defendants admit that the Santa Ana sucker is native to and found in the Los Angeles River basin and the Santa Ana River, and that it is found in the Santa Clara River. Defendants lack information sufficient to form a belief as to the truth of the allegation that the Santa Ana Sucker is native to the Santa Clara River, and on that basis deny the allegation. The allegations in the fourth and fifth sentences of paragraph 1 are characterizations of Plaintiffs' action which require no response.

**II. JURISDICTION AND VENUE**

2. The allegations in paragraph 2 are conclusions of law which require no response.

3. In response to the allegations in paragraph 3, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation that at least one Plaintiff resides in this judicial district, and on that basis deny the allegation. The remaining allegations in paragraph 3 are conclusions of law which require no response.

4. In response to the allegations in the first sentence of paragraph 4, Defendants admit receiving a faxed letter on August 11, 2005 from Plaintiffs purporting to provide notice of intent to sue, but otherwise deny the allegations. In response to the allegations in the second sentence of paragraph 4, Defendants admit receiving a letter dated August 28, 2007 from Plaintiff Center for Biological Diversity purporting to provide notice of intent to sue, but otherwise deny the allegations. In response to the allegations in the third sentence of paragraph 4, Defendants admit that they did not respond to either the letter of August 11, 2005 or the letter of August 28, 2007, but otherwise deny the allegations. The allegations in the fourth and fifth sentences of paragraph 4 are conclusions of law which require no response.

**III. INTRADISTRICT ASSIGNMENT**

5. In response to the allegation in paragraph 5 that Plaintiff California Trout maintains its principal place of business in San Francisco County, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegation, and on that basis deny it. The remaining allegations in paragraph 5 are conclusions of law which require no response.

6. The allegations in paragraph 6 are conclusions of law and characterizations of Plaintiffs' action which require no response.

**IV. PARTIES**

7. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 7 concerning Plaintiff California Trout, Inc., and on that basis deny the allegations.

8. In response to the allegations in paragraph 8, Defendants admit that Plaintiff California-Nevada Chapter of the American Fisheries Society ("AFS California-Nevada") authored the petition to list the Santa Ana sucker that was submitted to the Service in 1994. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 concerning Plaintiff AFS California-Nevada, and on that basis deny the allegations.

9. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 9 concerning Plaintiff Center for Biological Diversity, and on that basis deny the allegations.

10. In response to the allegations in paragraph 10, Defendants admit that Plaintiff Friends of the River was one of the petitioners listed in the petition to list the Santa Ana sucker that was submitted to the Service in 1994. Defendants lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 10 concerning Plaintiff Friends of the River, and on that basis deny the allegations.

11. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis deny the allegations.

12. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 12, and on that basis deny the allegations.

Defendants deny the allegations in the third sentence of paragraph 12. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 12, and on that basis deny the allegations.

13. Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 13, and on that basis deny the allegations. The allegations in the third and fourth sentences of paragraph 13 purport to characterize the pleadings and records of litigation in the cases of California Trout v. Babbitt, No. C 9-3961 SI, and California Trout v. Norton, No. C 97-3779 SI, respectively. These documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the documents are denied.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in the first and second sentences of paragraph 15. The allegations in the third and fourth sentences of paragraph 15 are conclusions of law which require no response.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

**V. FACTS**

18. The allegations in paragraph 18 purport to characterize certain provisions of the Endangered Species Act ("ESA"), which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied.

19. The allegations in paragraph 19 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied.

20. The allegations in paragraph 20 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied.

21. The allegations in paragraph 21 purport to characterize certain provisions of the ESA, which

speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied.

22. The allegations in the first, second, and third sentences of paragraph 22 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied. Defendants admit the allegations in the fourth sentence of paragraph 22.

23. The allegations in paragraph 23 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied.

24. The allegations in the first sentence of paragraph 24 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied. In response to the allegations in the second sentence of paragraph 24, Defendants admit that the Service has not prepared a recovery plan for the Santa Ana sucker, but otherwise deny the allegations.

25. In response to the allegations in paragraph 25, Defendants admit that the Santa Ana sucker is native to California and that it is listed as a threatened species. The remaining allegations in paragraph 25 are subjective, vague and/or conclusory characterizations to which no simple, concise and direct response is possible, and thus no response to those allegations is required. To the extent an answer is required, Defendants deny the remaining allegations.

26. Defendants admit the allegations in the first, second, and third sentences of paragraph 26. Defendants deny the allegations in the fourth sentence of paragraph 26.

27. Defendants admit the allegations in paragraph 27.

28. In response to the allegations in the first sentence of paragraph 28, Defendants admit that protecting sufficient critical habitat is important for the continued existence and recovery of the Santa Ana sucker, but otherwise deny the allegations. Defendants admit the allegations in the second, third, and fourth sentences of paragraph 28. In response to the allegations in the fifth sentence of paragraph 28, Defendants admit that there is recent data suggesting a downward trend

in the status of the sucker in the Santa Ana River, but lack information or knowledge sufficient to form a belief as to the truth of the allegation that the trend is significant, and on that basis deny the allegation.

29. The allegations in the first sentence of paragraph 29 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied. Defendants deny the allegations in the second sentence of paragraph 29.

30. Defendants admit the allegations in paragraph 30.

31. The allegations in paragraph 31 purport to characterize the pleadings and records of litigation in the case of California Trout v. Babbitt, No. C 9-3961 SI. These documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the documents are denied.

32. The allegations in the first sentence of paragraph 32 purport to characterize the Service's 12-month finding on the petition to list the Santa Ana sucker, 62 Fed. Reg. 15,872 (Apr. 3, 1997). This finding speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the finding are denied. The remaining allegations purport to characterize the pleadings and record of litigation in California Trout v. Norton, No. C 97-3779 SI, and the final rule listing the Santa Ana sucker, 65 Fed. Reg. 19,686 (Apr. 12, 2000). These documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the documents are denied.

33. The allegations in paragraph 33 are conclusions of law which require no response.

34. The allegations in the first sentence of paragraph 34 are conclusions of law which require no response. In response to the allegations in the second sentence of paragraph 34, Defendants admit that Plaintiffs provided notice of intent to sue and filed an amended complaint on March 21, 2002, and aver that these documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the documents are denied.

35. The allegations in paragraph 35 purport to characterize the Court's orders of February 26,

2003, and September 30, 2003. California Trout, Inc. v. Norton, 2003 WL 23413688 (N.D. Cal. Sept. 30, 2003). These orders speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the documents are denied.

36. Defendants admit the allegations in the first sentence of paragraph 36. The remaining allegations in paragraph 36 purport to characterize the 2004 final rule designating critical habitat for the Santa Ana Sucker. 69 Fed. Reg. 8,839 (Feb. 26, 2004). This document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the document are denied.

37. Defendants admit the allegations in paragraph 37.

38. The allegations in paragraph 38 purport to characterize the 2004 final rule designating critical habitat for the Santa Ana Sucker. 69 Fed. Reg. 8,839 (Feb. 26, 2004). This document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the document are denied.

39. In response to the allegations in paragraph 39, Defendants admit that the draft economic analysis was not published in the Federal Register. The remaining allegations in paragraph 39 purport to characterize several Federal Register notices. 69 Fed. Reg. 51,416 (Aug. 19, 2004); 69 Fed. Reg. 58,876 (Oct. 1, 2004); 69 Fed. Reg. 62,238 (Oct. 25, 2004). These documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the documents are denied.

40. The allegations in paragraph 40 purport to characterize the 2005 final rule designating critical habitat for the Santa Ana sucker. 70 Fed. Reg. 426 (Jan. 4, 2005). This document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the document are denied.

41. The allegations in paragraph 41 purport to characterize the 2005 final rule designating critical habitat for the Santa Ana sucker. 70 Fed. Reg. 426 (Jan. 4, 2005). This document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the document are denied.

42. The allegations in the first sentence of paragraph 42 are conclusions of law which require no response. The remaining allegations in paragraph 42 purport to characterize the 2004 and 2005 final rules designating critical habitat for the Santa Ana sucker. 69 Fed. Reg. 8,839 (Feb. 26, 2004); 70 Fed. Reg. 426 (Jan. 4, 2005). These documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the documents are denied.

43. The allegations in the first and second sentences of paragraph 43 purport to characterize the 2004 and 2005 final rules designating critical habitat for the Santa Ana sucker. 69 Fed. Reg. 8,839 (Feb. 26, 2004); 70 Fed. Reg. 426 (Jan. 4, 2005). These documents speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the documents are denied. The allegations in the third sentence of paragraph 43 are conclusions of law which require no response. Defendants deny the allegations in the fourth sentence of paragraph 43 on the basis that the term "reportedly" is vague and ambiguous and on the basis that Defendants lack information or knowledge regarding any reports referenced in the sentence. The allegations in the fifth and sixth sentences of paragraph 43 are conclusions of law which require no response.

44. The allegations in paragraph 44 are conclusions of law which require no response.

45. The allegations in the first sentence of paragraph 45 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied. The allegations in the second sentence of paragraph 45 are conclusions of law which require no response.

46. Defendants deny the allegations in the first sentence of paragraph 46. The allegations in the second sentence of paragraph 46 purport to characterize the decision of the United States Court of Appeals for the Ninth Circuit in <u>Gifford Pinchot Task Force v. U.S. Fish & Wildlife Service</u>, 378 F.3d 1059 (9th Cir. 2004). This decision speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the decision are denied. Defendants admit the allegations in the third sentence of paragraph 46. The allegations in the fourth, fifth, and sixth sentences of paragraph 46 are conclusions of law which require no response.

47. Defendants deny the allegations in paragraph 47.

48. The allegations in paragraph 48 are conclusions of law which require no response or are allegations which purport to characterize the economic analysis prepared for the Service in connection with its designation of critical habitat for the Santa Ana sucker. This analysis speaks for itself and is the best evidence of their contents. Any allegations contrary to the plain language and meaning of the economic analysis are denied.

49. The allegations in the first, second, third, and fourth sentences of paragraph 49 purport to characterize the 2004 proposed critical habitat rule, 69 Fed. Reg. 8,911 (Feb. 26, 2004), the 2005 final critical habitat rule, and certain portions of the ESA and the Administrative Procedure Act ("APA"). These documents speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the Federal Register documents, the ESA, or the APA are denied. The allegations in the fifth sentence of paragraph 49 are conclusions of law which require no response.

50. The allegations in the first sentence of paragraph 50 purport to characterize the 2005 final rule designating critical habitat for the Santa Ana sucker. 70 Fed. Reg. 426 (Jan. 4, 2005). This document speaks for itself and is the best evidence of its contents. Any allegations contrary to the plain language and meaning of the document are denied. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 50, and on that basis deny the allegations. The allegations in the third, fourth, fifth, sixth, seventh, eighth, and ninth sentences of paragraph 50 purport to characterize the 2004 and 2005 final rules designating critical habitat. These documents speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the documents are denied. In response to the allegations in the tenth sentence of paragraph 50, Defendants admit that no recovery plan has been prepared for the Santa Ana sucker but are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the tenth sentence of paragraph 50, and on that basis deny the allegations. The allegations in the eleventh sentence of paragraph 50 are conclusions of law which require no

response.

51. The allegations in the first sentence of paragraph 51 purport to characterize certain provisions of the ESA, which speak for themselves and are the best evidence of their contents. Any allegations contrary to the plain language and meaning of the ESA are denied. The allegations in the second sentence of paragraph 51 are conclusions of law which require no response.

**VI. CLAIM FOR RELIEF**

52. Defendants' responses to paragraphs 1 through 51 are incorporated herein by reference.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in the first sentence of paragraph 54. The allegations in the second sentence of paragraph 54 purport to characterize the 2004 proposed critical habitat rule and the 2005 final critical habitat rule, documents which speak for themselves and are the best evidence of their contents. Any allegations inconsistent with the plain language and meaning of the documents are denied. Defendants deny the allegations in the third and fourth sentences of paragraph 54.

55. Defendants deny the allegations in paragraph 55.

**VII. PRAYER FOR RELIEF**

The remainder of Plaintiffs' Complaint consists of Plaintiffs; Prayer for Relief, to which no response is required. To the extent a response may be deemed to be required, Defendants deny that Plaintiffs are entitled to the relief requested in their Complaint or to any relief whatsoever.

**GENERAL DENIAL**

Defendants deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiffs' Complaint remain unanswered, Defendants deny such allegations.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Plaintiffs lack standing to bring their claim.

3. Venue is improper or may be more appropriate in another judicial district.

WHEREFORE, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed with prejudice, that judgment be entered for the Defendants, and that the Court order such other and further relief as the Court may allow.

Dated: February 19, 2008

Respectfully Submitted,

SCOTT N. SCHOOLS, United States Attorney
CHARLES O'CONNOR, Assistant United States Attorney

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Section Chief

*/s/ Lawson E. Fite*

LAWSON E. FITE,
Trial Attorney (Oregon Bar No. 05557)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

CALIFORNIA TROUT, et al.,

Plaintiffs,

v.

DIRK KEMPTHORNE, et al.,

Defendants.

No. C 07-5798 SI

**CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

*/s/ Lawson E. Fite*
LAWSON E. FITE