Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 x307
Fax: (415) 436-9683
Email: lbelenky@biologicaldiversity.org

John Buse (CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
5656 S. Dorchester Avenue No. 3
Chicago, IL  60637
Telephone: (323) 533-4416
Fax: (610) 885-2187
Email: jbuse@biologicaldiversity.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA TROUT, INC.; CALIFORNIA-NEVADA CHAPTER OF THE AMERICAN FISHERIES SOCIETY; CENTER FOR BIOLOGICAL DIVERSITY; and FRIENDS OF THE RIVER,<br><br>          Plaintiffs,<br><br>     v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior; and H. DALE HALL, Director, U.S. Fish and Wildlife Service,<br>          Defendants. | Case No.:  C 07-5798 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Case Management Conference<br><br>Date:           March 28, 2008<br>Time:          2:00 p.m.<br>Courtroom:   10 |

Pursuant to this Court's standing Case Management Conference Order, Civil Local Rule 16-9, Federal Rule of Civil Procedure 26(f), and the conference of counsel on March 14, 2008, the parties to this action submit this Joint Case Management Statement.

---

Joint Case Management Statement                                                          Case No. C 07-5798 SI          1

1. <u>Jurisdiction and Service</u>

The Court has subject matter jurisdiction over Plaintiffs' claims pursuant to the citizen suit provisions of the Endangered Species Act ("ESA") (16 U.S.C. §§ 1540(c) and (g)) and the general federal question statute (28 U.S.C. § 1331).

There are no issues regarding personal jurisdiction.

Plaintiffs contend that venue is proper in the Northern District of California. Defendants have indicated that they may move to transfer this case to the Central District of California. Defendants further reserve the right to contest Plaintiffs' standing to sue.

All parties have been served.

2. <u>Facts</u>

This case involves Plaintiffs' challenge to the January 4, 2005 critical habitat designation for the Santa Ana sucker, *Catostomus santaanae*, a small freshwater fish that was historically found in freshwater streams throughout the uplands and the lowlands of the Los Angeles, San Gabriel, and Santa Ana river drainages. The Santa Ana sucker's range is now limited to several isolated populations in the Big Tujunga drainage of the Los Angeles River in the Angeles National Forest, the Santa Clara River, the San Gabriel River, and the Santa Ana River.

As a result of the historical and ongoing loss of habitat, water quality degradation, and other continuing threats, the U.S. Fish and Wildlife Service (the "Service") listed the Santa Ana sucker as a threatened species pursuant to the ESA on April 12, 2000. 65 Fed. Reg. 19686. The final rule listing the Santa Ana sucker as threatened concluded that critical habitat was "not determinable." On February 26, 2004, following a February 26, 2003 order from this Court in the case *California Trout, et al. v. Norton, et al.* (Case No. C 97-3779 SI), the Service concurrently issued a proposed and a final critical habitat designation for the Santa Ana sucker. 69 Fed. Reg. 8911, 8839. The 2004 proposed and final designations were identical. Both the proposed and the final 2004 rules designated 21,129 acres of critical habitat in three units along the Santa Ana River, the San Gabriel River, and Big Tujunga Creek and Little Tujunga Creek in the Los Angeles River Basin. 69 Fed. Reg. 8844. The 2004 designation excluded areas of critical habitat within the then-draft Western Riverside Multiple Species Habitat Conservation Plan and the Santa Ana Sucker Conservation Program from designation

as critical habitat under ESA section 4(b)(2), 16 U.S.C. 1533(b)(2). 69 Fed. Reg. at 8846-48.

On January 4, 2005, the Service issued a new final critical habitat designation for the Santa Ana sucker. 70 Fed. Reg. 426. The 2005 final rule designated 8,305 acres of critical habitat for the Santa Ana sucker in two units. 70 Fed. Reg. at 437. The 2005 Final Rule did not designate critical habitat for the Santa Ana sucker in the Santa Ana River or its tributaries.

This case will be resolved based on an administrative record, which Defendants have not yet produced. There are no known material factual issues in dispute, although it is possible that review of the record will reveal such disputed issues.

3.  Legal Issues

The principal legal issue in this case concerns whether the January 4, 2005 critical habitat designation for the Santa Ana sucker is legally sufficient under sections 3(5)(A), 4(a)(3), and 4(b)(2) of the ESA. 16 U.S.C. §§ 1532(5)(A), 1533(a)(3), and 1533(b)(2). Plaintiffs contend that Defendants: understated the benefits of critical habitat designation by relying on an invalid regulatory definition of "adverse modification" of critical habitat; improperly based the 2005 designation on the faulty legal premise that habitat which requires special management should not be designated as critical habitat; failed to rely on the best scientific data available in determining the extent of essential habitat and designating critical habitat; failed to properly consider all occupied and unoccupied habitat essential to the conservation of the species in making its determination of critical habitat; failed to quantify and analyze the economic and other benefits of designating critical habitat for the Santa Ana sucker; improperly attributed costs associated with listing the species and other costs to the designation of critical habitat; improperly included speculative costs; and relied on unsupportable assumptions concerning the economic impacts of the designation. Plaintiffs also contend that exclusion of large areas of essential habitat in two units in the Santa Ana River from the final 2005 critical habitat designation was not based on the best available science, a balancing of factors as required under the statute, or any other legitimate basis, but was rather based on the wishes of Mr. Craig Manson, then Assistant Secretary of the Interior, who insisted that these areas not be included in the final rule.

Defendants contend that the 2005 final critical habitat designation is in compliance with the ESA and should be upheld. Specifically, while reserving the right to raise other arguments,

.
.
.

Defendants contend that the rule is based on the best available science, that it reasonably excludes critical habitat where the Service could conclude that other management measures would sufficiently aid the recovery of the species, and that the rule's analysis of adverse modification and economic impact are in compliance with the ESA.

Plaintiffs also contend that in issuing a final critical habitat designation that differed substantially from the 2004 proposed designation, Defendants failed to provide adequate public notice of their intent to designate critical habitat as required by law pursuant to the ESA and APA. ESA § 4(b)(5), 16 U.S.C. § 1533(b)(5); 5 U.S.C. § 553(b), (c).

Defendants contend that they provided adequate notice, and ample opportunity to comment, to the public of the final Santa Ana sucker critical habitat designation. In particular, the Service opened four separate comment periods on the designation and underlying economic analysis and held a public hearing on the designation.

4. <u>Motions</u>

There are no pending or prior motions in this case. The parties anticipate that the case will be resolved based on dispositive cross-motions for summary judgment. In addition, Defendants may move to transfer venue to the Central District of California.

5. <u>Amendment of Pleadings</u>

The parties do not anticipate any amendment of the pleadings.

6. <u>Evidence Preservation</u>

This case is an action for review on an administrative record. Defendants have taken appropriate steps to compile the contents of the record and are involved in the preliminary stages of compiling the record.

7. <u>Disclosures</u>

This case is an action for review on an administrative record. Accordingly, it is exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1). Fed. R. Civ. P. 26(a)(1)(E)(i).

8. <u>Discovery</u>

There has been no discovery to date and the parties do not anticipate that there will be any discovery in this case. Plaintiffs, however, reserve the right to conduct discovery pursuant to any

applicable exceptions allowing the use of extra-record evidence.  Defendants reserve the right to object to any discovery, on the basis that review in this case is limited to the record, and therefore discovery is barred, or on other grounds.

   9.   Class Actions

This case is not a class action.

   10.  Related Cases

The parties are not aware of related cases or proceedings pending before another judge of this Court, or before another court or administrative body.

   11.  Relief

Plaintiffs seek (1) a declaration that Defendants violated the ESA because the January 4, 2005 critical habitat for the Santa Ana sucker fails to provide sufficient critical habitat necessary for conservation of the species and improperly excludes areas from critical habitat that are essential to the conservation of the species; (2) an injunction directing Defendants to issue a revised critical habitat designation for the Santa Ana sucker which corrects these violations, and which otherwise provides for the conservation of the species, by a date certain; (3) an injunction enjoining Defendants from issuing any incidental take permit, approval, biological opinion, or concurrence pursuant to section 7 of the ESA, for any actions that may harm the Santa Ana sucker or cause adverse modification to Santa Ana sucker habitat within areas of proposed critical habitat that were excluded from designation as critical habitat in the final rule by Defendants pursuant to section 4(b) of the ESA, or that may harm the Santa Ana sucker or cause adverse modification to Santa Ana sucker habitat within the Santa Clara River; and (4) their fees, costs, expenses and disbursements, including reasonable attorneys' fees.

Defendants maintain that, because the critical habitat designation for the Santa Ana sucker was made in full compliance with the ESA, Plaintiffs are not entitled to the relief requested.  Additionally, Defendants maintain that injunction of any ESA section 7 consultation is beyond the scope of relief to which Plaintiffs could properly be entitled.

   12.  Settlement

The parties are currently involved in settlement discussions, which they believe may prove productive.  There have been no ADR efforts to date.  Counsel for all parties conferred regarding ADR

options on January 30, 2008, but were not able to agree on an ADR option. Plaintiffs are amenable to no-cost ADR options. Defendants do not believe ADR will be productive in this case, but if any ADR process is ordered by the Court, would also prefer a no-cost ADR option.

13. <u>Consent to a Magistrate Judge for All Purposes</u>

Defendants have declined to proceed before a magistrate judge for all purposes.

14. <u>Other References</u>

The parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

The parties believe that the issues in this case will be narrowed through the anticipated dispositive cross-motions for summary judgment.

16. <u>Expedited Schedule</u>

The parties anticipate that this case will be resolved by dispositive cross-motions for summary judgment and therefore do not believe that an expedited schedule is necessary or appropriate.

17. <u>Scheduling</u>

Defendants propose completing and filing the administrative record 105 days after the case management conference of March 28, 2008, that is, July 11, 2008. The parties propose the following briefing schedule for their cross-motions for summary judgment:

August 25, 2008: Plaintiffs' opening motion for summary judgment

September 24, 2008: Defendants' cross-motion/opposition

October 15, 2008: Plaintiffs' opposition/reply

November 5, 2008: Defendants' reply

December 5, 2008: Hearing on cross-motions for summary judgment

The parties anticipate that this case will be resolved by dispositive cross-motions for summary judgment and therefore do not believe that a trial schedule, dates for designation of experts, or discovery cut-off dates are necessary.

18. <u>Trial</u>

The parties anticipate that this case will be resolved by dispositive cross-motions for summary

1  judgment and therefore do not anticipate that a trial will be necessary.

2      19.    <u>Disclosure of Non-Party Interested Persons or Entities</u>

3  Plaintiffs have filed a "Certification of Interested Entities or Persons" pursuant to Local Rule 3-16 stating that there are no persons, associations of persons, firms, partnerships, corporations, or other entities other than the parties themselves known to Plaintiffs to have either (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.  Plaintiffs hereby restate that, as of this date, other than the named parties, there is no such interest to report.

Defendants are exempt from the requirements of Local Rule 3-16.

    20.    <u>Other Matters</u>

The parties are not aware of any other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Respectfully submitted this 21st day of March, 2008,

        /s/ John Buse  
        John Buse (CA Bar No. 163156)  
        CENTER FOR BIOLOGICAL DIVERSITY  
        5656 S. Dorchester Avenue No. 3  
        Chicago, IL  60637  
        Telephone: (323) 533-4416  
        Fax: (610) 885-2187  
        Email: jbuse@biologicaldiversity.org

        Lisa T. Belenky (CA Bar No. 203225)  
        CENTER FOR BIOLOGICAL DIVERSITY  
        1095 Market St., Suite 511  
        San Francisco, CA 94103  
        Telephone: (415) 436-9682x307  
        Fax: (415) 436-9683  
        Email: lbelenky@biologicaldiversity.org

        Attorneys for Plaintiffs  
        CALIFORNIA TROUT  
        CALIFORNIA-NEVADA CHAPTER OF THE  
            AMERICAN FISHERIES SOCIETY  
        CENTER FOR BIOLOGICAL DIVERSITY and  
        FRIENDS OF THE RIVER

/s/_____
LAWSON E. FITE,
Trial Attorney (Oregon Bar No. 05557)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants
DIRK KEMPTHORNE
H. DALE HALL