1  RONALD J. TENPAS, Assistant Attorney General
2  JEAN E. WILLIAMS, Section Chief
   LAWSON E. FITE, Trial Attorney (Oregon Bar No. 05557)
3  U.S. Department of Justice
   Environment & Natural Resources Division
4  Wildlife & Marine Resources Section
   Ben Franklin Station
5  P.O. Box 7369
   Washington, DC 20044-7369
6  Phone: (202) 305-0217
   Fax: (202) 305-0275
7  Email: lawson.fite@usdoj.gov

8  <u>Attorneys for Defendants</u>

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA TROUT, INC., CALIFORNIA-NEVADA CHAPTER OF THE AMERICAN FISHERIES SOCIETY, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE RIVER,<br><br>Plaintiffs,<br>v.<br><br>DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, and H. DALE HALL, Director of the United States Fish and Wildlife Service,<br><br>Defendants. | No. C 07-5798 SI<br><br>**NOTICE OF MOTION AND MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Date: June 6, 2008<br><br>Time: 9:00 a.m.<br><br>Courtroom: 10, 19th Floor |

## NOTICE

TO THIS HONORABLE COURT AND COUNSEL FOR THE PARTIES:

PLEASE TAKE NOTICE, under Civil L.R. 7-2, that on June 6, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of The Honorable Susan Illston, United States District Judge, at the United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, 95814, Federal Defendants Dirk Kempthorne, Secretary of the United States Department of the Interior, and H. Dale Hall, Director of the United States Fish and Wildlife Service ("Service"), will argue their motion, set forth below, to transfer venue pursuant to 28 U.S.C. § 1404(a).

## MOTION

Federal Defendants move to transfer this case to the Central District of California pursuant to 28 U.S.C. § 1404(a). This case should be transferred to the Central District of California because the Santa Ana sucker lives entirely within the Central District, because the designated critical habitat lies entirely within the Central District, and because Plaintiffs' standing is predicated on contacts with the Central District. In contrast, the Northern District has such tenuous relation to this case that transfer is in the interest of justice. This motion is based on the accompanying memorandum of points and authorities; the other filings in this case; and the oral arguments at hearing.

WHEREFORE, Federal Defendants pray that this Court grant the Motion to Transfer, and thereby transfer this matter to the United States District Court for the Central District of California.

| | |
|---|---|
| CALIFORNIA TROUT, INC., CALIFORNIA-NEVADA CHAPTER OF THE AMERICAN FISHERIES SOCIETY, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE RIVER,<br><br>                Plaintiffs,<br>    v.<br><br>DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, and H. DALE HALL, Director of the United States Fish and Wildlife Service,<br><br>                Defendants. | No. C 07-5798 SI<br><br>**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** |

## I.    INTRODUCTION

Federal Defendants in this action, Dirk Kempthorne, Secretary of the United States Department of the Interior, and H. Dale Hall, Director of the United States Fish and Wildlife Service, hereby provide points and authorities in support of their motion to transfer venue to the Central District of California. Transfer to the Central District is appropriate and in the interests of justice because the Santa Ana sucker, the subject of this action, lives entirely within the Central District, and the critical habitat designation at issue here will affect only interests and property in the Central District. In contrast, no Defendant resides in the Northern District for venue purposes, no work on this regulation was performed in the Northern District, and the majority of the Plaintiffs are not resident in the Northern District for venue purposes. Moreover, Plaintiffs' standing allegations rest chiefly on members who reside or work in the Central District. Thus the interests of justice favor transfer to the Central District under 28 U.S.C. § 1404(a).

## II.    BACKGROUND

Congress enacted the Endangered Species Act ("ESA" or "the Act"), 16 U.S.C. §§ 1531-1544, in 1973 "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved" and "to provide a program for the conservation of such endangered species and threatened species. . . ." 16 U.S.C. § 1531(b). Section 4 of the ESA

directs the Secretary[1]/ to determine which species should be listed as endangered or threatened based on consideration of five listing factors.[2]/ 16 U.S.C. § 1533(a)(1). Once the species is listed, it enjoys a variety of legal protections. 16 U.S.C. §§ 1533(d), 1536, 1538; see also Tennessee Valley Auth. v. Hill, 437 U.S. 153, 180 (1978).

The ESA also authorizes the Secretary to designate a certain geographical area as "critical habitat." 16 U.S.C. § 1533(a)(3). Critical habitat is defined by the Act to include areas occupied by the species at the time of listing "on which are found those physical or biological features (I) essential to the conservation of the species and (II) which may require special management considerations or protection. . . ." 16 U.S.C. § 1532(5)(A)(i). Critical habitat also includes areas not occupied by the species "upon a determination by the Secretary that such areas are essential for the conservation of the species." 16 U.S.C. § 1532(5)(A)(ii). Critical habitat designations, unlike listing decisions, may take economic and other non-biological factors into account. The designations are to be made "on the basis of the best scientific data available and after taking into consideration the economic impact, the impact on national security, and any other relevant impact, of specifying any particular area as critical habitat." 16 U.S.C. § 1533(b)(2). An area may be excluded from critical habitat if "the benefits of such exclusion outweigh the benefits of specifying such area as part of the critical habitat," but not if the exclusion would result in the extinction of the species. Id.

The Service listed the Santa Ana sucker as a threatened species pursuant to the ESA on April 12, 2000. 65 Fed. Reg. 19686. The final rule listing the Santa Ana sucker as threatened concluded

---

[1]/  Section 4 of the ESA provides that the Secretary of the Interior is responsible for administering the ESA with respect to terrestrial (i.e., non-marine) species and certain marine mammals. See 16 U.S.C. §§ 1532(15), 1533(a)(2). The Secretary has delegated this authority to the Service. The species at issue in this case, the Santa Ana sucker, is under the jurisdiction of the FWS.

[2]/  The ESA states that a species is endangered if it is "in danger of extinction throughout all or a significant portion of its range." 16 U.S.C. § 1532(6). A species is threatened if it "is likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." 16 U.S.C. § 1532(20).

that critical habitat was "not determinable." Id. at 19,689.  On February 26, 2004, following a February 26, 2003 order from this Court in California Trout, et al. v. Norton, et al. (Case No. C 97-3779 SI), the Service concurrently issued a proposed and a final critical habitat designation for the Santa Ana sucker. 69 Fed. Reg. 8839; 69 Fed. Reg. 8911 (Feb. 26, 2004).  The 2004 proposed and final designations were identical and designated 21,129 acres of critical habitat.  69 Fed. Reg. at 8844.  On January 4, 2005, the Service issued a new final critical habitat designation for the Santa Ana sucker. 70 Fed. Reg. 426 (Jan. 4, 2005).  The 2005 final rule designated 8,305 acres of critical habitat for the Santa Ana sucker in two units.  Id.  All designated critical habitat is in the Central District of California. 70 Fed. Reg. at 426, 449-58.  Additionally, all proposed critical habitat, and all essential habitat that was excluded from critical habitat, is likewise located within the Central District.  69 Fed. Reg. at 8844.

This action was filed November 15, 2007.  Plaintiffs challenge the 2005 final critical habitat designation on substantive and procedural grounds.

**III.    STANDARD OF REVIEW**

The Court has authority to transfer this case pursuant to 28 U.S.C. § 1404(a).  Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The decision whether to transfer under section 1404(a) is committed to the sound discretion of the district court and should be exercised in light of all the circumstances of a case.  Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257 (1981).  Whether venue should be transferred in any given case depends on "individualized, case-by-case consideration of convenience and fairness. . . ."  Van Dusen v. Barrack, 376 U.S. 612, 622 (1964).  The only prerequisite to the Court's exercise of discretion is the requirement that the new forum be a district or division where the case "might have been brought." 28 U.S.C. § 1404(a).

//

## IV. ARGUMENT

### A. Venue Is Proper in the Central District of California.

Under 28 U.S.C. § 1391(e)(2), venue in a suit against the United States is proper if "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," in the district where the case was filed. Accordingly, venue is proper in the Central District because the entire population of the Santa Ana sucker, and all proposed and designated critical habitat, is located within the Central District. 70 Fed. Reg. at 426. Specifically, the entire range of the species is located within Los Angeles, San Bernardino, Riverside, and Orange Counties. Id. All proposed and designated critical habitat is located within Los Angeles and San Bernardino Counties. Id.; 69 Fed. Reg. at 8,912. Additionally, all essential habitat that was excluded from designation as critical habitat is located wholly within the Central District, in Riverside, Orange, and San Bernardino Counties. Because the entire population of the species, and thus all potential critical habitat, is located within the Central District, then a "substantial part of the events" complained of and a "substantial part of the property that is the subject of the action" are both located within the Central District, and therefore venue is proper there. "The location of the species that is the subject matter of ESA lawsuits is routinely considered in venue challenges." Forest Guardians v. Kempthorne, No. 06-cv-2560-L (LSP), 2007 WL 2572287, at *1 n.2 (S.D. Cal. Sept. 5, 2007).

### B. The Northern District of California Has No Meaningful Ties to This Controversy.

Plaintiffs' choice of forum is not entitled to deference because of the minimal ties of this case to the Northern District. As the Ninth Circuit has held, "[i]f the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, [the plaintiff's] choice is entitled to only minimal consideration." Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). That is exactly the case here. No operative facts have occurred within the Northern District and the interest of the Northern District in this litigation is tenuous at best because no Defendants reside in the Northern District, the majority of the Plaintiffs do not reside in the Northern District, and the Plaintiffs' interested members reside outside the Northern District. Accordingly Plaintiffs' choice

of forum is entitled to only minimal consideration, and this case should be transferred to the Central District.

First, neither Defendant resides in this District for venue purposes. Both Dirk Kempthorne and H. Dale Hall maintain their offices in Washington, D.C., and therefore their residence would be a basis only for venue in the District of Columbia. 28 U.S.C. § 1391(e)(1); see Williams v. United States, No. C 01-0024, 2001 WL 1352885 at *1 (N.D. Cal. Oct. 23, 2001) (holding that the Secretary of the Interior and other federal officers and agencies reside in Washington, D.C.). It is well settled that venue does not lie in every judicial district where a federal agency may have offices. See Reuben H. Donnelley Corp. v. Fed. Trade Comm'n, 580 F.2d 264, 267 (7th Cir. 1978). Rather, a suit with venue predicated on the naming of a federal agency or officer as a defendant must be brought either in the District of Columbia or where the local federal official responsible for the decision-making resides. Id. Here, there was no involvement in the challenged critical habitat designation by Department of Interior or FWS officials located in the Northern District of California. The Defendants here reside in Washington, D.C., and the preparation of the critical habitat designation took place in FWS's Carlsbad office, which is located in the Southern District of California.[3]/ See 70 Fed. Reg. at 447 ("The primary author of this document is the Carlsbad Fish and Wildlife Office.").

Second, the majority of the Plaintiffs in this action reside outside the Northern District. Because venue in the Northern District cannot be based on sections 1391(e)(1) or (e)(2), Plaintiffs must therefore establish that section 1391(e)(3) applies. See Complaint ("Compl.") ¶ 3. Section 1391(e)(3) provides that venue is proper where "the plaintiff resides if no real property is involved in the action." Here, only one of the four Plaintiffs—California Trout— is incorporated in, and therefore resident in, the Northern District. Compl. ¶ 7; http://kepler.sos.ca.gov/ corpdata/ShowAllList?QueryCorpNumber=C0614972 (last visited May 2, 2008). See Reuben H. Donnelley, 580 F.2d at 269-70 (residence of a corporate plaintiff for venue purposes is limited to

---

[3]/  Accordingly, venue may also be proper in the District of Columbia or in the Southern District of California.

the state and district of incorporation).

The Complaint contains no indication as to the residence of AFS California-Nevada, although the organization's website indicates its next meeting will be at Tahoe, California, in the Eastern District. http://www.afs-calneva.org./search.htm (last visited May 2, 2008). Friends of the River is located in the Eastern District. Compl. ¶ 10. Plaintiff Center for Biological Diversity has is incorporated in Tucson, Arizona. See http://biologicaldiversity.org/about/contact/index.html (last visited April 30, 2008); http://starpas.azcc.gov/scripts/cgiip.exe/Wservice=wsbroker1/names-detail.p?name-id=F10373886&type=CORPORATION (visited May 2, 2008). Thus, only one of the four Plaintiffs can be considered a resident of the Northern District for venue purposes.

Third, even though California Trout resides within this District, that Plaintiff's standing, and indeed the standing of all Plaintiffs here, is based on the standing of people who live and work within the Central District, further demonstrating the tenuous nature of the Northern District's interest in this action. Thus, while venue may technically be proper in the Northern District, Plaintiffs fail to establish more than a highly attenuated connection to the Northern District. See, e.g., Immigrant Assistance Project of Los Angeles County Federation of Labor (AFL-CIO) v. INS, 306 F.3d 842, 867 n.20 (9th Cir. 2002) (one plaintiff must have both standing and venue to maintain suit in a particular judicial district).

Taking the allegations of the Complaint as true, standing for every Plaintiff in this action is based on the interests of members within the Central District. Compl. ¶ 7 ("CalTrout represents over 6,000 recreational anglers, of whom more than 1,000 live within a one hour drive of the Santa Ana, San Gabriel, and Santa Clara Rivers . . . ."); Id. ¶ 8 ("one-quarter of [AFS California-Nevada members] live in Southern California within the range of the Santa Ana sucker"); Id. ¶ 9 ("many [CBD] members . . . reside in Southern California in and near areas that serve as habitat for the Santa Ana sucker in the Santa Ana River, the Los Angeles River, and the Santa Clara River Basins."); Id. ¶ 10 ("many of [Friends of the River's members] live near the Santa Ana, San Gabriel, and Santa Clara Rivers"); Id. ¶ 11 ("Plaintiffs and their respective members live and/or work in communities near or in the Santa Ana River, the Los Angeles River, and the Santa Clara River

Basins"). Each organizational Plaintiff has standing to sue only to the extent that its members also have standing. Friends of the Earth v. Laidlaw Envtl. Servs., 528 U.S. 167, 182-83 (2000). Accordingly, the real Plaintiffs in interest here are all residents of the Central District, not the Northern District, and therefore venue is not justified solely because of California Trout's offices here. See Trout Unlimited v. Lohn, No. 06-CV-904, 2006 WL 2927737, at *3 (W.D. Wash. Oct. 10, 2006) (holding that transfer from Oregon to the Western District of Washington was justified where " plaintiffs base their standing in this case on the impact of the listing decision on their use of Oregon watersheds, not the watersheds of Washington or some other state."). Therefore this Court should transfer this case to the Central District.

### C.    The Interests of Justice Factors Favor Transfer to the Central District.

Regardless of the degree of ties of the Northern District to this litigation, the interests of justice favor transfer to the Central District. In determining whether to transfer a case, a district court may consider additional factors such as relative ease of access to sources of proof, convenience of the parties, availability of witnesses, "the administrative difficulties flowing from court congestion; and the 'local interest in having localized controversies decided at home.'" Decker Coal, 805 F.2d at 843 (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981)); 28 U.S.C. § 1404(a).

Of these factors, the interest in having "local controversies decided at home" looms largest. As has been detailed above, the Santa Ana sucker exists entirely within the Central District and so does any potential critical habitat. Critical habitat designations can potentially affect land-use and planning decisions, water rights, and the recreational and aesthetic interests Plaintiffs assert. These kind of exceedingly local impacts are especially suited to resolution in a local forum. See Southern Utah Wilderness Alliance v. Norton, 315 F. Supp. 2d 82, 88 (D.D.C. 2004) ("Land is a localized interest because its management directly touches local citizens."); Bldg. Indust. Ass'n v. Babbitt, No. 1:01-cv-00079-EGS (D.D.C. July 3, 2001) (holding that challenge to critical habitat designation

was "localized" to California).[4]/ Center for Biological Diversity v. Kempthorne, No. C 07-0894 EDL, 2007 WL 2023515, at *5-6 (N.D. Cal. July 12, 2007)(transferring case from the Northern District to the District of Alaska where impacts of the decision would be primarily felt in Alaska); McCrary v. Gutierrez, No. 2:06-cv-0086-MCE-KJM, 2006 WL 1748410 (E.D. Cal. June 23, 2006) (transferring case to the Northern District where species was located entirely in that district); Nez Perce Tribe v. NOAA, No. 04-CV-60-RE, 2004 WL 1179333, at *3 (D. Or. May 27, 2004) (transferring challenge to decision under ESA where "greater local interest in the issues raised in this lawsuit exists in Idaho"); Trout Unlimited v. Lohn, 2006 WL 2927737 at *2 (transferring case from Western District of Washington to District of Oregon after finding that controversy "arose in Oregon and specifically impacts the natural resources and people of Oregon").

This case will be resolved on cross-motions for summary judgment on an administrative record, and therefore the ease of access to evidence and similar practical factors are the same regardless of the forum. The convenience factors are neutral. Some Plaintiffs will have to travel regardless of forum, as will Plaintiffs' lead counsel, who is located in Chicago. It seems likely that the Central District will be more convenient for the multitude of members of the Plaintiff organizations who claim interests in the Santa Ana sucker and its habitat.

The fact that prior litigation regarding the Santa Ana sucker took place in this Court does not alter the transfer analysis. The prior litigation concerned the compliance of the Service with the various listing and critical habitat designation deadlines. This case, however, involves a substantive challenge to the critical habitat designation, and shares little if any common operative facts with the prior litigation. Compare Forest Guardians, supra (holding that prior litigation in the District of Colorado did not favor transfer), with Home Builders Ass'n of N. Cal. v. U.S. Fish and Wildlife Serv., No. 06-932, 2006 WL 3334956, at *1 (D.D.C. Nov. 16, 2006) (where two prior cases were substantive challenges to same determination and included an administrative record exceeding 30,000 pages, prior litigation favored transfer). Thus there is no reason for this Court to adopt a rule that all litigation concerning the Santa Ana sucker must remain in the Northern District.

---

[4]/ A copy of this Order is attached hereto.

## V. CONCLUSION

Because the events at the center of this litigation will primarily impact the Central District of California, and because this district has minimal ties to or interest in the subject matter of the case, the interests of justice favor transfer of this case. Accordingly, this Court should grant Federal Defendants' motion, and thereby transfer this case to the Central District of California.

Dated: May 2, 2008               Respectfully Submitted,

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Section Chief


                */s/ Lawson E. Fite*
LAWSON E. FITE,
Trial Attorney (Oregon Bar No. 05557)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CALIFORNIA TROUT, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIRK KEMPTHORNE, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 07-5798 SI <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                                    */s/ Lawson E. Fite*
                                                   LAWSON E. FITE