UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BUILDING INDUSTRY ASSOCIATION, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 01-79 (EGS) ) [15-1], [15-2] |
| BRUCE BABBIT, SECRETARY OF *THE INTERIOR*, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

FILED
JUL 3 2001
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

Upon consideration of National Resources Defense Council's ("NRDC") motion to intervene as a defendant, the opposition thereto, and the arguments in Court on June 29, 2001, it is hereby

**ORDERED** that the intervenor's motion, [15-1], is **GRANTED**. NRDC meets the standard for intervention as a matter of right. It has "an interest relating to the property or transaction which is the subject of the action and [is] so situated that the disposition of the action may as a practical matter impair or impede [its] ability to protect that interest." Fed. R. Civ. Pro. 24(a)(2); *see also S.E.C. v. Prudential Securities*, 136 F.3d 153, 156 (D.C. Circuit) (holding that a court must find that any motion to intervene 1) be timely, 2) demonstrate legally

protected interest, 3) threaten to impair that interest, and 4) indicate that no party to the action can adequately represent the intervenor's interests).

In 1993, NRDC brought a lawsuit in the Central District of California to force the defendants to designate gnatcatcher critical habitat. The final rule for the gnatatcher critical habitat is the object of this lawsuit. NRDC's interest could be directly and adversely affected by the relief plaintiff seeks, vacating the final rule NRDC fought to establish. Additionally, NRDC's interest in prosecuting its recently filed case before the Central District of California could be harmed by the *stare decisis* effect of any judgement of this Court. Finally, NRDC's interest may not be adequately represented by defendants. In the immediate past, NRDC sued the defendants to promulgate the rule at issue and the parties are currently in litigation with respect to the interpretation of these rules.

Upon consideration of intervenor's motion to transfer, the opposition thereto, and the arguments in Court on June 29, 2001, it is hereby

**FURTHER ORDERED** that intervenor's motion, [15-2], is **GRANTED**. NRDC has been allowed to intervene as a matter of right, and as an intervenor becomes no less a party that others and has the right to file legitimate motions, including venue

2

motions. See *Coalition of Arizona v. Department of Interior*, 100 F.3d 837 (10th Cir. 1996). Further, it appears that defendants have all but joined in this motion. Defendants do not oppose the transfer and state that this case and the case being litigated in Central District of California challenge the same final agency action, asking for different relief and relying on the exact same administrative record. Thus, defendants note that having the actions heard before the same court would promote judicial efficiency and economy, and avoid duplicative and possibly inconsistent results. There is no dispute that this action could have been brought in the Central District of California. In fact, the issue is "localized" to California and suits involving matters of environmental regulation and land use management "should be resolved in the forum where the people 'whose rights and interests are in fact most vitally affect.'" *Trout Unlimited v. United States Dept. of Agriculture*, 944 F. Supp. 13, 20 (D.D.C. 1996) (internal citations omitted).

Date: 7/3/01

_____
EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE

3

Notice to:

Robert D. Thornton, Esquire
NOSSAMAN, GUTHNER, KNOX & ELLIOTT, L.L.P.
18101 Von Karman Avenue
Irvine, CA 92715-1007

Jean Williams, Esquire
U.S. DEPARTMENT OF JUSTICE
Environmental Division
P.O. Box 7369
Washington, DC 20044

Sharon Buccino, Esquire
Joel Reynolds, Esquire
Andrew Wetzler, Esquire
National Resources Defense Council, Inc.
6310 San Vicente Blvd. Suite 250
Los Angeles, CA 90048