Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682 x307
Fax: (415) 436-9683
Email: lbelenky@biologicaldiversity.org

John Buse (CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
5656 S. Dorchester Avenue No. 3
Chicago, IL  60637
Telephone: (323) 533-4416
Fax: (610) 885-2187
Email: jbuse@biologicaldiversity.org

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA TROUT, INC.; CALIFORNIA-NEVADA CHAPTER OF THE AMERICAN FISHERIES SOCIETY; CENTER FOR BIOLOGICAL DIVERSITY; and FRIENDS OF THE RIVER,<br><br>                    Plaintiffs,<br><br>         v.<br><br>DIRK KEMPTHORNE, Secretary of the Interior; and H. DALE HALL, Director, U.S. Fish and Wildlife Service,<br><br>                    Defendants. | Case No.:  C 07-5798 SI<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**<br><br>Date:          July 25, 2008<br>Time:         9:00 a.m.<br>Courtroom:  10 |

Plaintiffs' Opposition to Motion to Transfer Venue                                      Case No. C 07-5798 SI

## I. INTRODUCTION

Federal Defendants have moved to transfer this case challenging the critical habitat designation for a threatened freshwater fish, the Santa Ana sucker, to the Central District of California. Defendants, however, do not dispute that this case was properly filed in the Northern District of California based on the residence and presence of the principal place of business of one of the Plaintiffs in the District. As Defendants further acknowledge, this Court decided a previous case involving critical habitat for the Santa Ana sucker. Under these circumstances, Plaintiffs' choice of forum is entitled to considerable deference, and should only be upset by a strong showing that the balance of interests favors transfer. Here, Defendants do not meet the substantial burden required to transfer this case from Plaintiffs' chosen (and proper) venue in the Northern District.

## II. STANDARD OF REVIEW

Defendants' account of the standard of review for this motion is incomplete, as it fails to recognize the moving parties' heavy burden required to disturb Plaintiffs' choice of venue. According to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses, and in interest of justice. The district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). In exercising its discretion, the district court must consider and weigh multiple factors to determine whether transfer is appropriate in a particular case. *Id.* Relevant factors include: (1) the plaintiffs' choice of forum; (2) the familiarity of the forum with the applicable law; (3) the parties' contacts with the forum; and (4) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The moving party bears a "heavy burden" of showing that there is a "clear balance of inconveniences to it" to warrant upsetting the plaintiffs' chosen forum. *E. & J. Gallo Winery v. F. & P. S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). In exceptional circumstances, where the interests of convenience strongly favor the transfer or the forum has no interest in the parties or the subject matter,

plaintiffs' choice of the forum may be afforded less deference. *Id.*; *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968).

### III.    ARGUMENT

There is no dispute that this case "might have been brought" in the Central District of California as that phrase is used in 28 U.S.C. § 1404(a). But that is not the end of the matter – having established that this case could have been brought in another forum, Defendants must now meet their heavy burden of upsetting Plaintiffs' choice of venue. In this task they fail.

A.    <u>Plaintiffs' Choice of Venue in the Northern District of California is Entitled to Deference</u>

As discussed above, Plaintiffs' choice to file in this district may be afforded less deference in some circumstances, such as when "the operative facts have not occurred within the forum of original selection and that forum has *no particular interest* in the parties or the subject matter …" *Pacific Car and Foundry Co.*, 403 F.2d at 954, emphasis added.[1] Defendants argue that this "is exactly the case here." Defs.' Memo. in Support of Motion to Transfer at 4:23-24. This argument overlooks and improperly downplays this district's particular interest in at least one of the Plaintiffs and its interest in the subject matter of this litigation as reflected in this Court's prior adjudication of a closely related claim involving the species at issue, the Santa Ana sucker.

As Defendants acknowledge, the first-named Plaintiff, California Trout ("CalTrout") is a resident of this district and was incorporated in this district. As Plaintiffs alleged in their Complaint, venue is proper in the Northern District pursuant to 28 U.S.C. § 1391(e) "because this civil action is brought against officers and employees of the United States acting in their official capacities and under the color of legal authority, as at least one Plaintiff [CalTrout] resides in this judicial district, and as no real property is involved in this action." Complaint at ¶ 3. Defendants do not challenge this allegation. Instead, they merely observe that "the majority of the Plaintiffs in this action reside outside the Northern District." Defs.' Memo. in Support of Motion to Transfer at 5:18. This observation is

---

[1] Defendants cite *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) for the same proposition. Defs.' Memo. in Support of Motion to Transfer at 4:21-23. That case held that less deference is owed to Plaintiffs' choice of venue "when an individual brings a derivative suit or represents a class." 834 F.2d at 739. Since the instant case is not a derivative suit or a class action, *Lou* is not directly applicable here.

Plaintiffs' Opposition to Motion to Transfer Venue                    Case No. C 07-5798 SI        2

1  correct to the extent that residence is based on place of incorporation, but irrelevant to determining
2  whether the Northern District has an interest in the parties sufficient to sustain Plaintiffs' choice of
3  venue.  Defendants cite no authority that indicates a forum must have an interest in a majority of the
4  Plaintiffs, or in any particular percentage of the Plaintiffs.  Defendants should not be permitted to
5  create new requirements out of whole cloth in an attempt to tip the balance of convenience factors in
6  their favor.  Moreover, Defendants suggest that the forum has an interest only in those Plaintiffs that
7  are "resident[s] of the Northern District for venue purposes."  Defs.' Memo. in Support of Motion to
8  Transfer at 5:9.  Proper consideration of the forum's interests, however, extends more broadly to the
9  Plaintiffs' "contacts" with the forum.  *Pacific Car and Foundry Co.*, 403 F.2d at 954 ("consideration
10 must be given to the extent both of the defendant's business contacts with the chosen forum and of the
11 plaintiff's contacts, including those relating to his cause of action").  Thus, a forum may have a
12 significant interest in a plaintiff that is not incorporated in or otherwise a resident of the forum.  Here,
13 Defendants utterly ignore Plaintiffs' other contacts with the Northern District, including the presence
14 in San Francisco of an office of the Center for Biological Diversity.  Complaint at ¶ 9.

15      Defendants further attempt to minimize the Northern District's interest in Plaintiffs by looking
16 to the standing allegations of Plaintiffs' Complaint.  Defendants' interpret these allegations to mean
17 that "standing for every Plaintiff in this action is based on the interests of members within the Central
18 District."  Defs.' Memo. in Support of Motion to Transfer at 6:18-19.  This reading is flawed.
19 Plaintiffs merely alleged for standing purposes that (for example) "CalTrout represents over 6,000
20 recreational anglers, of whom more than 1,000 live within a one hour drive of the Santa Ana, San
21 Gabriel, and Santa Clara Rivers and regularly utilize these riparian areas for fishing, photography,
22 hiking and to seek aesthetic relief from the urban environments of Southern California."  Complaint at
23 ¶ 7. Defendants cannot logically conclude that *all* of Plaintiffs' standing is based on the interests of
24 members within the Central District because *some* of Plaintiffs' standing is based on the interests of
25 members within the Central District.  Even if that were the case, it requires an additional logical leap to
26 conclude that the Northern District has no interest in these members despite the fact that CalTrout's
27 principal place of business is in the district.  Defendants do not hesitate to make this unwarranted leap,
28 stating that venue "is not justified solely because of California Trout's offices here."  Defs.' Memo. in

Plaintiffs' Opposition to Motion to Transfer Venue         Case No. C 07-5798 SI         3

1  Support of Motion to Transfer at 7:4-5. Yet the unpublished case Defendants cite, *Trout Unlimited v.*
2  *Lohn*, No. 06-CV-904, 2006 WL 2927737 (W.D. Wash. Oct. 10, 2006), does not support this
3  contention. On the contrary, in granting a motion to transfer the case from the Western District of
4  Washington to Oregon, the court in *Trout Unlimited* specifically noted that "[i]t appears that *none* of
5  the plaintiffs have offices in Washington state." *Id.*, emphasis added. The presence in the Northern
6  District of CalTrout's main office, which oversees and coordinates the activities of its members
7  including those members residing in southern California, indicates that the district has a sufficient and
8  particular interest in at least one of the Plaintiffs.[2]

9  The Northern District has an additional interest in the subject matter of this case – the previous
10 litigation before this Court involving Santa Ana sucker critical habitat in *California Trout v. Norton*
11 (Case No. C 97-3779 SI). Defendants briefly – but dismissively – mention the earlier case, claiming
12 that it "shares little if any common operative facts with the prior litigation." Defs.' Memo. in Support
13 of Motion to Transfer at 7:4-5. The earlier case, however, is a "related case" under Civil L.R. 3-12(a),
14 as it concerns the same species, the same critical habitat designation, and at least some of the same
15 parties. *See* Complaint at ¶ 6. The Santa Ana sucker critical habitat designation challenged here was
16 issued as a result of the Court's order in the previous case. Complaint at ¶ 35. The legal issues may be
17 different, but the subject matter – the critical habitat designation for the Santa Ana sucker – is
18 identical, and the Northern District has a particular interest in this subject matter traceable to the
19 proceedings in *California Trout v. Norton* before this Court. It is noteworthy that venue was retained
20 in the Northern District in the *California Trout v. Norton* case after this Court also adjudicated the
21 earlier *California Trout v. Babbitt* case (Case No. C 95-3941 SI), which involved Federal Defendants'

---

[2] Defendants also contend that "there was no involvement in the challenged critical habitat designation by Department of Interior or FWS officials located in the Northern District of California." Defs.' Memo. in Support of Motion to Transfer at 5. Defendants offer no support for this claim other than the assertions that Defendants reside in Washington, D.C. and that the Fish and Wildlife Service's Carlsbad office (located in the Southern District of California) was the "primary" author of the critical habitat designation. *Id.* Verification of this claim will require review of the administrative record, which has not yet been prepared. Even if accurate, however, this argument is irrelevant as the Northern District has a sufficient interest in Plaintiffs and the subject matter of this case to support venue in this district. Moreover, Defendants have not alleged that their contacts with their preferred venue, the Central District, are any greater than with the Northern District.

Plaintiffs' Opposition to Motion to Transfer Venue                    Case No. C 07-5798 SI          4

failure to issue the required findings in response to a petition to list the Santa Ana sucker.

The unpublished decision in *Forest Guardians v. Kempthorne*, No. 06-CV-2560-L (LSP), WL 2572287 (S.D. Cal. Sept. 5, 2007) cited by Defendants is inapposite to Defendants' argument regarding the earlier Santa Ana sucker critical habitat case. In *Forest Guardians*, an intervenor moved to transfer a case brought under the Endangered Species Act in Arizona to Colorado, where plaintiffs had filed previous cases under the Freedom of Information Act and Endangered Species Act. *Id*. at *5. The intervenor argued that the earlier Colorado litigation "compels transfer, 'absent a strong showing' *by the plaintiff* that this District "is more convenient or has some superior interest." *Id*., emphasis in original. Thus, the intervenor in *Forest Guardians* attempted to shift the burden to the plaintiffs to demonstrate that their chosen forum, Arizona, was more convenient. The court summarily rejected the intervenor's theory "that the existence of prior litigation is a burdenshifting event." *Id*. Here, in contrast, Plaintiffs are not trying to transfer venue to some other forum that conducted proceedings regarding the Santa Ana sucker; they are attempting to retain venue in the district that conducted earlier related proceedings regarding the Santa Ana sucker. *Forest Guardians* does not alter Defendants' heavy burden in upsetting Plaintiffs' chosen venue – on the contrary, it expressly disapproves of efforts to shift this burden. In addition, there is no indication that the relation between the Colorado cases and the Arizona case in *Forest Guardians* was as direct and immediate as that between the instant case and the earlier Santa Ana sucker litigation in the Northern District.

Defendants' disregard of the prior Santa Ana sucker critical habitat litigation in the Northern District is perhaps understandable – Defendants were likely not happy with the Court's order enjoining the Fish and Wildlife Service from issuing any biological opinions under section 7 of the Endangered Species Act allowing federal actions that "may affect" the Santa Ana sucker to proceed until the final critical habitat for the Santa Ana sucker was designated. *California Trout v. Norton*, 2003 WL 23413688, *3, *5 (N.D. Cal. September 30, 2003). While disagreement with the Court's previous Santa Ana sucker decision may establish motive, it does not provide a valid basis for the transfer, nor does it in any way defeat Plaintiffs' choice of venue.

Contrary to Defendants' assertion, the Northern District has a particular interest in at least one Plaintiff that resides in and has its principal place of business in the district, and has a particular

interest in the subject matter of this case based on the earlier Santa Ana sucker critical habitat litigation before this Court. Accordingly, Plaintiffs' choice of venue in the Northern District is entitled to deference, and should only be disturbed on if Defendants make a "strong showing of inconvenience." *Decker Coal Co.*, 805 F.2d at 843.

B.  The Interests of Convenience Do Not Favor Transfer

Defendants acknowledge that the convenience factors for transfer in this case are neutral, as the case is based on an administrative record. Defs.' Memo. in Support of Motion to Transfer at 8:13. Thus, issues related to the ease of access to evidence and witnesses are not relevant. Other convenience factors, such as the familiarity of the fora with applicable law, are also neutral, although this Court's previous experience with the Endangered Species Act as it applies to the Santa Ana sucker on balance favors retention of this case in the Northern District. As the convenience factors are neutral or favorable to the current forum based on this Court's familiarity with the issues, Defendants have failed to make a strong showing of convenience that warrants upsetting Plaintiffs' choice of forum. *Decker Coal Co.*, 805 F.2d at 843.

C.  Other Factors Do Not Favor Transfer

While acknowledging that the "private" convenient factors are neutral as to transfer of this case out of the Northern District, Defendants place considerable emphasis on the public interest factor of the "local interest in having localized controversies decided at home." *Id.*; *see* Defs.' Memo. in Support of Motion to Transfer at 7-8. Indeed, this factor is essentially the only argument adduced in support of transferring this case to the Central District. It is not sufficient, however, to meet Defendants' heavy burden of defeating Plaintiffs' chosen forum.

Defendants' argument is founded on the fact that the Santa Ana sucker, and any potential critical habitat, exists entirely in the Central District. While correct, this fact does not convert Plaintiffs' challenge to the Santa Ana sucker critical habitat designation to a purely localized controversy. On the contrary, Plaintiffs' allegations extend far beyond issues of local controversy. The ultimate decision-making authority for the critical habitat designation resides with the Federal Defendants Kempthorne and Hall in Washington, D.C. Among other things, Plaintiffs allege improper last-minute interference in the designation by a Department of the Interior political appointee. The

designation and the surrounding controversy are national issues, not localized land use disputes. Defendants present no evidence beyond the Santa Ana sucker's existence within the Central District that this case involves a localized controversy. By Defendants' logic, an Endangered Species Act case should be heard only in a district where the species occurs. The venue statutes are not so limited, however. 28 U.S.C. § 1391(e); 16 U.S.C. § 1540(g)(3)(A). Moreover, even if the case involves a localized controversy, which it does not, Defendants have not offered any explanation of how the purported local interest in the controversy outweighs Plaintiffs' choice of forum.[3]

The cases cited by Defendants in support of their "localized controversy" argument are unhelpful. In *Southern Utah Wilderness Alliance v. Norton*, 315 F. Supp. 2d 82 (D.D.C. 2004), the court granted defendants' motion to transfer a case involving a challenge to the Bureau of Land Management's decision to permit the sale of 21 oil and gas leases in Utah from the District of D.C. to Utah. The court afforded little deference to plaintiffs' choice of forum because the Washington, D.C. forum lacked meaningful ties to the controversy. *Id*. at 86-87. Similarly, in *Center for Biological Diversity v. Kempthorne*, No. C 07-0894 EDL, 2007 WL 2023515 (N.D. Cal. July 12, 2007), the court granted a motion to transfer a case involving the effects of oil leasing in the Beaufort Sea on polar bears and walrus from the Northern District to Alaska. As previously noted, the court in *Trout Unlimited v. Lohn*, 2006 WL 2927737, also found little connection between the plaintiffs' chosen venue and the issues before the court, based in part on the fact that no plaintiffs had an office in the Western District of Washington. In contrast to these cases, the Northern District here has a particular interest in at least one Plaintiff due to CalTrout's residence and principal place of business in the district. In addition, the Northern District has a particular interest in the subject matter of this case based on the earlier Santa Ana sucker critical habitat litigation before this Court. Neither factor is present in the cases cited by Defendants.

In the unpublished order in *Building Indust. Assn. v. Babbitt*, No. 1:01-CV-00079-EGS (D.D.C. July 3, 2001), the court granted an environmental intervenor's motion to transfer a case involving a

---

[3] In contrast to the unpublished decision in *Nez Perce Tribe v. NOAA*, No. 04-CV-60-RE, 2004 WL 1179333 (D. Or. May 27, 2004) cited by Defendants, there is no evidence here that there is "greater local interest in the issues raised in this lawsuit" in the Central District than in the Northern District.

challenge to the critical habitat designation for the California gnatcatcher from the District of D.C. to the Central District of California. As the order notes, however, the key justification for the transfer was the existence of another (presumably earlier-filed) lawsuit *challenging the same critical habitat designation* in the Central District. *Id*. at 2-3. The order expressly cites considerations of judicial economy and efficiency factors in support of transferring the case to a district where another closely related case is pending. *Id*. at 3. The order's reference to the "localized" nature of the controversy is effectively dicta, but even if the court's observance that cases involving "environmental regulation and land use management" should be resolved in the forum where peoples' interests are most vitally affected is taken as a factor in the decision, it is not a dispositive factor in the instant case. Defendants do not dispute that the interests of CalTrout, which resides in and maintains its principal place of business in the Northern District, were affected by the Santa Ana sucker critical habitat designation.

Another unpublished case cited by Defendants is more instructive. In *Forest Guardians v. Kempthorne*, WL 2572287, the court recognized that in cases involving endangered and threatened species, "[t]here may be numerous possibilities for venue." In these circumstances,

> The moving party's task is not required to convince this Court that the transferee court is the most appropriate forum – venue is not limited to the district where the most substantial events occurred. *Ibrahim v. Chertoff*, 2007 WL 1558521, *5 (S.D. Cal. May 25, 2007). Indeed, it is not appropriate to transfer a case "from a plaintiff's chosen forum simply because another forum, in the court's view, may be superior to that chosen by the plaintiff." *Pain v. United Technologies Corp*., 637 F.2d 775, 783 (D.C. Cir. 1980), *cert. denied*, 454 U.S. 1128 (1981). Rather, this Court must be persuaded that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. *See Decker Coal*, 805 F.2d at 843.

WL 2572287 at *7. This approach is appropriately deferential to Plaintiffs' chosen forum in the Northern District. As neither the balance of conveniences nor the purported local interest in a "localized" controversy are sufficiently strong to overcome Plaintiffs' choice of forum, this case should remain in the Northern District.

## IV.    CONCLUSION

Because the Northern District has a particular interest in Plaintiffs and in the subject matter of this case, Plaintiffs' choice of forum in this district is entitled to deference. Defendants have not met

their heavy burden of showing strong interests of convenience that justify disturbing Plaintiffs' choice. Accordingly, Defendants' motion to transfer should be denied, and this case should remain in the Northern District.

Dated: June 27, 2008

/s/ John Buse
John Buse (CA Bar No. 163156)
CENTER FOR BIOLOGICAL DIVERSITY
5656 S. Dorchester Avenue No. 3
Chicago, IL  60637
Telephone: (323) 533-4416
Fax: (610) 885-2187
Email: jbuse@biologicaldiversity.org

Lisa T. Belenky (CA Bar No. 203225)
CENTER FOR BIOLOGICAL DIVERSITY
1095 Market St., Suite 511
San Francisco, CA 94103
Telephone: (415) 436-9682x307
Fax: (415) 436-9683
Email: lbelenky@biologicaldiversity.org

Attorneys for Plaintiffs
CALIFORNIA TROUT
CALIFORNIA-NEVADA CHAPTER OF THE
    AMERICAN FISHERIES SOCIETY
CENTER FOR BIOLOGICAL DIVERSITY and
FRIENDS OF THE RIVER

CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2008, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Lawson Fite                                                         Attorney for Defendants
lawson.fite@usdoj.gov


                                                                    s/ John Buse
                                                                    John Buse