RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LAWSON E. FITE, Trial Attorney (Oregon Bar No. 055573)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA TROUT, INC., CALIFORNIA-NEVADA CHAPTER OF THE AMERICAN FISHERIES SOCIETY, CENTER FOR BIOLOGICAL DIVERSITY, and FRIENDS OF THE RIVER, <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, Secretary of the United States Department of the Interior, and H. DALE HALL, Director of the United States Fish and Wildlife Service, <br><br> Defendants. | No. C 07-5798 SI <br><br> **FEDERAL DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** <br><br> Date: July 25, 2008 <br><br> Time: 9:00 a.m. <br><br> Courtroom: 10, 19th Floor |

## I.   INTRODUCTION

In their opening memorandum, Federal Defendants demonstrated that this case should be transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Central District of California. The Northern District has no meaningful ties to this litigation and therefore Plaintiffs' choice of forum is entitled to minimal deference. In contrast, the Central District's ties to the litigation are overwhelming: the range of the Santa Ana sucker is entirely within the Central

District, all potential critical habitat for the sucker is located entirely within the Central District, and Plaintiffs' interest in the sucker arises from contacts with the Central District. Accordingly, this Court should grant the Motion to Transfer. Federal Defendants herein respond to Plaintiffs' Opposition ("Pls. Mem.").

## II.     THERE IS NO DISPUTE THAT VENUE WOULD BE PROPER IN THE CENTRAL DISTRICT.

In their response brief, Plaintiffs concede that this action "might have been brought" in the Central District, and that it therefore may be transferred to the Central District. Pls. Mem. at 2. There is no dispute that the entire population of the Santa Ana sucker, and all proposed and designated critical habitat, is located within the Central District. See 70 Fed. Reg. 426 (Jan. 4, 2005). Thus there is no dispute that "a substantial part of the events or omissions giving rise to the claim occurred" within the Central District, as required by 28 U.S.C. § 1391(e)(2), and that venue could be maintained in the Central District.

## III.    PLAINTIFFS' CHOICE OF FORUM IS NOT ENTITLED TO DEFERENCE.

Plaintiffs argue that Defendants face a "heavy burden" in seeking to transfer this case and to disturb Plaintiffs' initial choice of venue. Plaintiffs' argument against transfer begins and ends with the proposition that this Court must defer to that choice. However, Plaintiffs overstate Defendants' burden. As this Court has held, "where the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight, even if the plaintiff is a resident of the forum." Farmer v. Ford Motor Co., No. C 07-3539 SI, 2007 WL 4224612 at *2 (N.D. Cal. Nov. 28, 2007); see also Williams v. Bowman, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("The degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint.") (emphasis added) (citation and quotation marks omitted). As established in Defendants' opening memorandum, the Northern District lacks significant ties to this litigation and therefore Plaintiffs' choice of forum is not entitled to deference. In light of the extensive ties of the Central District, this

Federal Defendants' Reply
in Support of Motion to Transfer                    2                                    No. C 07-5798 SI

1 Court should therefore transfer the case.

2 Plaintiffs attempt to argue that Forest Guardians v. Kempthorne, No. 06-cv-2560-L(LSP) 2007 WL 2572287 (S.D. Cal. Sept. 5, 2007), supports their contention that Defendants face a heavy burden in seeking to transfer the case. Plaintiffs miss the mark. In Forest Guardians, the Court was being urged to choose between two Districts which both had significant ties to the case; the species at issue, the mountain plover, inhabited both districts, and the Fish and Wildlife Service had held public meetings in both districts. Id. at *4. Here, by contrast, no operative facts have occurred in the Northern District, and therefore Plaintiffs' choice of forum is not entitled to deference. Moreover, the Service's only public hearing on the rulemaking was held in Pasadena, in the Central District. 70 Fed. Reg. 426, 427 (Jan. 4, 2005). Accordingly, transfer of this action to the Central District is appropriate.

Less deference to the choice of forum is especially appropriate here because the Northern District's ties to this litigation are minimal. Only one of the four Plaintiffs is resident in the District, and no operative facts have occurred within the District. As Defendants previously demonstrated, Plaintiffs' standing allegations focus exclusively on Plaintiffs' contacts with the Central District. Plaintiffs protest that "Defendants cannot logically conclude that all of Plaintiffs' standing is based on the interests of members within the Central District because some of Plaintiffs' standing is based on the interests of members within the Central District." Pls. Mem. at 3. Yet neither Plaintiffs' Complaint nor Plaintiffs' brief sets forth allegations of standing that – even if taken as true – would establish that any of Plaintiffs' members with standing either reside in or have substantial ties to the Northern District. Plaintiffs' only fallback is the presence of an office of the Center for Biological Diversity in San Francisco, Pls. Mem. at 3; this is of no consequence as the Center is an Arizona corporation. Plaintiffs' reliance on contacts with the Central District further establishes the localized nature of this case, and the interest of the people of the Central District in having the controversy resolved "at home." Accordingly, this Court should grant the motion to transfer.

The only other interest of the Northern District that the Plaintiffs cite is the prior litigation

1  that occurred in this Court. The prior litigation has no effect on whether transfer is proper. As
2  Defendants previously established, the prior litigation is of a different quality than the present case;
3  there are few if any shared operative facts, and there is certainly no common administrative record,
4  such that judicial economy would be served if the case were to remain in the Northern District.
5  Plaintiffs acknowledge that "[t]he legal issues may be different." Pls. Mem. at 4. However,
6  Plaintiffs seem to argue that, aside from judicial economy, the Northern District has an interest in
7  "the subject matter" of the Santa Ana sucker. Pls. Mem. at 4. This argument incorrectly conflates
8  the interests of the people of the Northern District with an abstract notion of the Court's interests.
9  Accordingly, Plaintiffs should not be allowed to heighten Defendants' burden on the basis of the
10 prior litigation. As the decision in Forest Guardians v. Kempthorne makes clear, prior litigation has
11 no relevance to this transfer motion. 2007 WL 2572287 at *3 (noting that prior litigation in
12 Colorado, like in the present case, "involved . . . the FWS's failure to meet a mandatory ESA
13 deadline," and was not "burdenshifting event").

14      In contrast to the highly attenuated relationship of the Northern District to this litigation, the
15 Central District's interest is strong. In an environmental case where an action is reviewed on the
16 administrative record, many of the traditional "interests of justice" factors, Decker Coal Co. v.
17 Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986), are not relevant. Instead, "one of
18 the most important considerations often is the local interest in having localized controversies
19 decided at home." Pacific Coast Fed'n v. Gutierrez, No. C 05-3232 JCS, 2006 WL 194507 at *3
20 (N.D. Cal. Jan. 24, 2006). In the present case, this factor strongly weighs in favor of transfer
21 because the Santa Ana sucker's habitat – and all proposed and designated critical habitat – is entirely
22 within the Central District. The only public hearing on the rulemaking was held in Pasadena, also
23 in the Central District, indicating that public interest is stronger in the Central District. 70 Fed. Reg.
24 at 427. The outcome of this litigation may affect federal land management decisions that have direct
25 impact upon people in the Central District who use those lands. Disputes regarding land
26 management are most appropriately resolved where the land is. National Wildlife Fed'n v. Harvey,
27
28 Federal Defendants' Reply
   in Support of Motion to Transfer                    4                        No. C 07-5798 SI

437 F. Supp. 2d 42, 49 (D.D.C. 2006) ("the interests of justice are promoted when a localized controversy is resolved in the region that it impacts."); Nez Perce Tribe v. NOAA, No. 04-CV-60-RE, 2004 WL 1179333 at *3 (D. Or. May 27, 2004) ("[T]his lawsuit is a timber sale case involving a National Forest located entirely in Idaho. . . . Idaho, its citizens, and the residents of the Nez Perce Reservation (which is located near the NLF Project) have a strong interest in having issues regarding the challenged land management activities resolved at home."). Transfer here is consistent with Congress's intent in enacting section 1391 to bring litigation closer to the locus of the impact of federal decisionmaking. Natural Res. Def. Council v. TVA, 459 F.2d 255, 258 (2nd Cir. 1972); Liberation News Serv. v. Eastland, 426 F.2d 1379, 1383 (2nd Cir. 1970) (concern prompting legislation was "particularly acute with respect to land disputes in Western states where the Government is a large landowner").

Plaintiffs assert that the local interest factor is not applicable here, arguing that some additional factor must be found to favor transfer. Pls. Mem. at 6. Plaintiffs are incorrect. This Court has transferred an ESA case under almost exactly the circumstances present here. In Oregon Natural Resources Council v. Brown, No. C 95-1844 SI, 1997 WL 464826 (N.D. Cal. July 29, 1997), this Court considered a suit seeking to compel listing of six West Coast salmon evolutionarily significant units ("ESUs"). Once the claims regarding the California ESUs were resolved, the only remaining claim related to the Oregon Coast ESU. This Court noted that "the Oregon Coast ESU is found only in Oregon state; the Oregon Plan is state-generated; determination of the plan's adequacy will affect Oregon state residents involved in the affected industries; and only those plaintiffs specifically concerned with the status of the Oregon Coast ESU (most of whom reside in Oregon) need remain involved in this litigation." Id. at *5 (emphasis added). Thus, this Court held, transfer to the District of Oregon was appropriate. Id. The same is true here. Cf. Fabus Corp. v. Asiana Exp. Corp., No. C 00-3172 PJH, 2001 WL 253185 at *2 (N.D. Cal. Mar. 5, 2001) (holding that transfer was appropriate where "Los Angeles was the delivery site, the alleged theft occurred in Los Angeles, most of the parties are located in the Los Angeles area" and therefore "the Central

1 District has a much more substantial interest in seeing a resolution of this litigation"). The Central
2 District has a more substantial interest than the Northern District in the resolution of this litigation
3 that may affect federal land management decisions and actions within the Central District.

4       Plaintiffs further argue that the case is one of "national interest," not local interest, because
5 of their allegations that an official in Washington, D.C. was extensively involved in the critical
6 habitat designation. Pls. Mem. at 6-7. This is of no relevance in determining whether the Northern
7 District of California has any ties to the litigation. Uniquely among the district courts, the District
8 Court for the District of Columbia routinely considers whether there is a "national" or "federal"
9 interest that would justify retention of venue in the District of Columbia. See, e.g., Wilderness
10 Soc'y v. Babbitt, 104 F. Supp. 2d 10, 13-14 (D.D.C. 2000) (denying motion to transfer from the
11 District of Columbia on the basis that the National Petroleum Reserve - Alaska was "convincingly
12 characterize[d] . . . as a national resource").  Similar analysis is inapplicable, however, in
13 determining whether to transfer a case from the Northern District of California to the Central
14 District.

## IV.  CONCLUSION

16       In the present case, the species at issue is found entirely within the Central District of
17 California, all proposed and designated critical habitat is within the Central District, and Plaintiffs'
18 asserted interests are focused in the Central District. Accordingly this Court should grant Federal
19 Defendants' motion to transfer the case to the Central District.

21 Dated: July 9, 2008                     Respectfully Submitted,

22                                        RONALD J. TENPAS, Assistant Attorney General
                                       JEAN E. WILLIAMS, Section Chief

24                                        */s/ Lawson E. Fite*
                                       LAWSON E. FITE,
25                                        Trial Attorney (Oregon Bar No. 055573)
                                       U.S. Department of Justice
26                                        Environment & Natural Resources Division
                                       Wildlife & Marine Resources Section

28 Federal Defendants' Reply
in Support of Motion to Transfer                6                         No. C 07-5798 SI

Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0217
Fax: (202) 305-0275
Email: lawson.fite@usdoj.gov

Attorneys for Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CALIFORNIA TROUT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DIRK KEMPTHORNE, et al., <br><br> Defendants. | No. C 07-5798 SI <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that on July 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such to the attorneys of record.

                                                   */s/ Lawson E. Fite*
                                                   LAWSON E. FITE